UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BILL JIA HE ZHU ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| FOCUSED RECOVERY SOLUTIONS, INC. ) | JURY TRIAL DEMANDED |
| and ) | |
| WEST ASSET MANAGEMENT ) | |
| and ) | |
| RESTON HOSPITAL CENTER ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Bill Jia He Zhu, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendants and respectfully avers as follows:

**I.      INTRODUCTORY STATEMENT**

1.      Plaintiff, Bill Jia He Zhu (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendants transact business here and maintain registered offices in this district.

## III. PARTIES

4. Plaintiff, Bill Jia He Zhu, is an adult natural person residing at 20436 Tappahannock Pl, Sterling, VA 20165. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Focused Recovery Solutions, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Virginia and the State of New Jersey and has a principal place of business located at 9701 Metropolitan Ct, Suite B, Richmond, VA 23236-3690, with a registered office located at 208 W State Street, Trenton, NJ 08608-1002.

6. Defendant, West Asset Management ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Virginia and the State of New Jersey and has a principal place of business located at 2703 N. Highway 75, Sherman, TX 75090, with a registered office located at 830 Bear Tavern Road, Trenton, NJ 08628.

7. Defendant, Reston Hospital Center ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of providing healthcare, with a principal place of business located at 1850 Town Center Parkway, Reston, VA 20190.

8. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Starting in November 2009, Plaintiff has experienced a series of harassing communications from the Defendants regarding a debt allegedly owed by his deceased wife.

10. Plaintiff's wife, Shu Jing Gao, passed away in July 2009.

11. Plaintiff received a letter dated November 3, 2009 addressed to his late wife from Defendant, Focused Recovery Solutions, Inc. which stated they were hired by Reston Hospital Center to collect an alleged debt in the amount of $103.00. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

12. Plaintiff and his wife, Shu Jing Gao, have vehemently denied any such debt was owed both before and after her passing.

13. In accordance with the Plaintiff's position, a zero balance is shown on the Medicare Summary Notice for Shu Jing Gao. See a copy of the statement appended hereto and marked "**EXHIBIT B**".

14. Reston Hospital Center's online statement on April 25, 2009 also shows there was zero balance due. See a copy of the online statement appended hereto and marked "**EXHIBIT C**".

15. Plaintiff sent a letter dated November 18, 2009 via US Postal Service Certified Mail to Defendant, Focused Recovery Solutions, Inc. which informed them that the surviving members of Shu Jing Gao's family dispute the debt and that his wife is deceased. See a copy of the letter and Certified Mail return receipt appended hereto and marked "**EXHIBIT D**".

16. Plaintiff received a second letter addressed to his late wife from Defendant, Focused Recovery Solutions, Inc., dated December 8, 2009, which threatened to report the account to the Credit Bureaus if full payment is not made within ten days. See a copy of the letter appended hereto and marked "**EXHIBIT E**".

17. Plaintiff then received another letter addressed to his late wife from Defendant, Focused Recovery Solutions, Inc., dated December 8, 2009 which acknowledged the dispute and stated it would be investigated. See a copy of the letter appended hereto and marked "**EXHIBIT F**".

18. Nearly five months after debt validation was requested, documentation was finally mailed by Defendant, Focused Recovery Solutions, Inc. to Plaintiff's home in a letter dated April 19, 2010. See a copy of the letter appended hereto and marked "**EXHIBIT G**".

19. Also included in the letter from Defendant, Focused Recovery Solutions, Inc., dated April 19, 2010, is a notice located at the bottom of the page which asserts the account has been closed and returned back to their client, Reston Hospital Center.

20. Directly above the aforementioned notice, Defendant, Focused Recovery Solutions, Inc. asks that payment be returned with the bottom portion of the page, despite their claim that they no longer are collecting on the closed account.

21. In a letter postmarked April 30, 2010, Defendant, West Asset Management, sent a letter to Plaintiff in an attempt to collect on the same debt allegedly owed to Reston Hospital Center. See a copy of the letter appended hereto and marked "**EXHIBIT H**".

22. Plaintiff has no connection to the alleged debt, and is therefore not responsible for payment of the debt in question.

23. All correspondence from the Defendants and Reston Hospital Center share the same service date of 09/21/2006-09/25/2006 and a common account number in 85403531478.

24. Communication from the Defendants causes Plaintiff significant emotional trauma by forcing him to continuously revisit the passing of his beloved wife by and through their letters.

25. The Defendants acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

26. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, the Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, the Defendants were acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

*Plaintiff vs. Focused Recovery Solutions, Inc. & West Asset Management*

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, the Defendants were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(2):   Stated that the consumer owes any debt

§ 1692d:      Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e:      Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(2):   Character, amount, or legal status of the alleged debt

§ 1692e(10):  Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Focused Recovery Solutions, Inc. and West Asset Management for the following:

a.  Actual damages;

d.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
*Plaintiff vs. Focused Recovery Solutions, Inc., West Asset Management & Reston Hospital Center*

32.  Plaintiff incorporates by reference all of the allegations set forth above as though fully stated herein.

33.  The *Restatement of Torts, Second,* § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or

seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy. Thus, Defendants violated New Jersey state law.

35. Defendant, Reston Hospital Center intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff by and through Defendants, Focused Recovery Solutions, Inc. and West Asset Management.

36. The action of Defendant, Reston Hospital Center and it's instruction to Defendants, Focused Recovery Solutions, Inc. and West Asset Management caused contact with Plaintiff that was so persistent and insulting as to be considered, "hounding," and, "a substantial burden to his existence," amounting to an invasion of privacy as defined by the *Restatement of Torts, Second,* § 652(b).

37. All of the Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

39. All acts of Defendant, Reston Hospital Center and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff is entitled to punitive damages from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Focused Recovery Solutions, Inc., West Asset Management and Reston Hospital Center for the following:

a. Actual damages including, but not limited to, the emotional distress he has suffered (and continues to suffer) as a result of the intentional, reckless and/or negligent FDCPA violations and intention, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. Liquidated damages;

e. Punitive damages; and

f. Such other and further relief as the Court may deem just and proper.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                  **Respectfully submitted,**

                                  **WARREN & VULLINGS, LLP**

Date: July 12, 2010          BY: _/s/ Bruce K. Warren_
                                        Bruce K. Warren, Esquire

                                        BY: _/s/ Brent F. Vullings_
                                        Brent F. Vullings, Esquire

                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff